IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| MELVIN NOLAND COLES,<br>    Plaintiff,<br><br>v.<br><br>OAKWOOD MORTGAGE LLC,<br>BANK OF NY MELLON,<br>VANDERBILT MORTGAGE INC.,<br>SETH E. TWERY, PC, and<br>JP MORGAN CHASE BANK,<br>    Defendants, | CIVIL NO. 3:12cv292 |

## REPORT AND RECOMMENDATION

This matter is before the Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on Defendant Seth E. Twery, P.C.'s Motion to Dismiss Plaintiff's Complaint or in the alternative Motion to Transfer Venue (ECF No. 6), Defendants Oakwood Acceptance, Bank of NY Mellon, Vanderbilt Mortgage Inc., and JP Morgan Chase Bank's Motion to Dismiss (ECF No. 25) and Motion to Transfer Venue (ECF No. 24). For the reasons set forth herein, it is the Court's recommendation that the Defendants' Motion to Dismiss (ECF Nos. 6, 25) be GRANTED and Defendants' Motion to Transfer Venue (ECF No. 25) be DENIED as moot.

### I.    BACKGROUND

Plaintiff Melvin Noland Coles ("Plaintiff"), proceeding *pro se*, brought this action stemming from the allegedly wrongful foreclosure of his property located at 1214 Reverend Coleman Road in Clover, Virginia, against Defendants Oakwood Acceptance, Bank of NY Mellon, Vanderbilt Mortgage Inc., JP Morgan Chase Bank and Seth E. Twery. (Complaint ¶ 1-

2.) Plaintiff's Complaint strings together several federal statutes and constitutional amendments, but even construing the *pro se* Complaint as liberally as possible, the Court was unable to decipher a viable cause of action. Therefore, the Court scheduled oral argument on the motions to ensure a full understanding of the allegations in the Complaint. *See Gordon v. Leake*, 574 F.2d 1147, 1152-53 (4th Cir. 1978) ("A district court is not required to act as an advocate for a *pro se* litigant; but when such a litigant has alleged a cause of action which may be meritorious against a person or persons unknown, the district court should afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him how to proceed and direct or permit amendment of the pleadings to bring that person or persons before the court.").

At the hearing on September 19, 2012, the Plaintiff appeared *pro se* along with his adult son, Phillip Coles,[1] who also spoke on his father's behalf. The Court asked the Plaintiff to explain three points at the hearing: (1) the substance of his Complaint as to each defendant; (2) the basis for subject matter jurisdiction; and (3) the factual support for venue in this district for his claims. Because Plaintiff's responses at oral argument fleshed out the claims in his Complaint, we detail his responses for each point.

On the first point, Plaintiff made clear that his only grievance was against Defendant Vanderbilt. For that reason alone, the Court recommends that all claims against the other defendants should be DISMISSED. As to Defendant Vanderbilt, Plaintiff explained that the crux of his Complaint lies in his unhappiness with the foreclosure of his house. Halifax County Circuit Court Judge Joel C. Cunningham ordered the foreclosure, which Plaintiff failed to appeal.

---

[1] Phillip Cole is not an attorney, but asked to speak on his father's behalf. In the interest of gaining an understanding of the issues and allowing the *pro se* Plaintiff as much deference as possible, the Court agreed to hear Plaintiff's son as he helped Plaintiff explain his claims.

2

Such dissatisfaction does not constitute a cognizable claim in this Court, so we will give the allegations against Judge Cunningham no further consideration.

Beyond his dissatisfaction with Judge Cunningham's ruling, Plaintiff asserts that Defendant Vanderbilt failed to renegotiate his mortgage before the foreclosure after they previously agreed to do so. According to Plaintiff's statements at the hearing, the agreement to renegotiate occurred after Plaintiff lost his job. Thereafter, Plaintiff could no longer afford to pay his monthly mortgage payment of $750 and, by June 2010, he fell behind in making his mortgage payments. Defendant Vanderbilt sent Plaintiff a letter regarding the missed payments and Plaintiff responded by calling them. Plaintiff told Vanderbilt that he could afford to pay about $350-$400 per month. Plaintiff alleges that an employee of Defendant Vanderbilt explained that he would call Plaintiff back regarding a renegotiation of Plaintiff's mortgage note. Plaintiff alleges that he put aside $400 payments while he waited for a Vanderbilt representative to return his call. Though Vanderbilt never approved nor denied the mortgage modification plan, Plaintiff sent Vanderbilt payments totaling $1,200.[2] Plaintiff claims that he never heard back from Vanderbilt. Despite Plaintiff continuing to send payments to Vanderbilt in an effort to renegotiate the note, Vanderbilt nevertheless proceeded with the foreclosure of Plaintiff's property. Plaintiff sent letters to all Defendants disputing such foreclosure and alleges that he received no response.

To further aid in understanding the allegations in this case, the Court directed Defendant Vanderbilt to file a submission detailing their perspective of the facts as to Plaintiff's effort to renegotiate the terms of the mortgage. Defendant Vanderbilt complied with the Court's

---

[2] Vanderbilt's records confirm receipt of such payments received in $400 increments between July 2010 and February 2011. (Vanderbilt's Submission (ECF No. 52) 1-2.)

instruction and filed a submission on September 21, 2012. (ECF No. 52, hereafter "Vanderbilt's Submission"). Defendant Vanderbilt's submission describes unsuccessful efforts to contact Plaintiff.[3] Vanderbilt's Submission at 2-4. Both parties, however, agree that no modification agreement was reached. Based on the face of Plaintiff's Complaint, the essence of Plaintiff's claim is that he fell victim to a fraud perpetrated by Defendant Vanderbilt when the Defendant failed to modify Plaintiff's mortgage.

## II. STANDARD OF REVIEW

A motion made pursuant to Fed. R. Civ. P. 12(b)(1) challenges the court's jurisdiction over the subject matter of the complaint. If a defendant contends that the complaint fails to allege facts upon which subject matter jurisdiction can be based, all facts in the complaint are presumed true. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *see also King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780-81 (E.D. Va. 2002). Alternatively, if the defendant argues that the jurisdictional facts in the complaint are untrue, "the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995) (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)); *see also Adams*, 697 F.2d at 1219 ("A trial court may then go beyond the

---

[3] Vanderbilt's records indicate that Plaintiff did call Vanderbilt in July 2010 and asked that his monthly payment be reduced to $400. Vanderbilt said they would call him back. While Plaintiff maintains that Vanderbilt never called him again, Vanderbilt allegedly made many attempts to contact Plaintiff to get the information necessary to determine Plaintiff's eligibility for a modification plan. By September 16, 2010, Vanderbilt had tried several times to reach Plaintiff by telephone. Vanderbilt claims that when a representative telephoned Plaintiff to verify income, his son Phillip refused to allow Plaintiff to speak with them. Plaintiff never returned the calls. On November 30, 2010, Phillip phoned Vanderbilt to check the status of modification. Vanderbilt explained to Phillip that they needed to speak to Plaintiff directly. Again, Plaintiff never called. Vanderbilt even conducted an unsuccessful home visit in an effort to speak to Plaintiff. Following the home visit, Vanderbilt moved forward with the foreclosure in December of 2010. (Vanderbilt's Submission at 3-4.)

4

allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations."). Consideration of evidence outside of the pleadings does not necessarily convert the motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted). In either case, the plaintiff bears the burden of proof to preserve jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Adams*, 697 F.2d at 1219.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater*, 385 F.3d at 841 (citation omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976)). To

that end, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (citation and internal quotation marks omitted). And "[p]leadings must be construed to do justice." Fed. R. Civ. P. 8(d). "Principles requiring generous construction of *pro se* complaints are not, however, without limits. . . . It does not require [district] courts to conjure up questions never squarely present to them. District judges are not mind readers. Even in the case of *pro se* litigants, they cannot be expected to construct full blown claims from sentence fragments . . . ." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). And a plaintiff "can plead himself out of court by pleading facts that show that he has no legal claim." *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (Posner, J.) (citing *Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009)).

Finally, it bears remembering that, although the Court went to great efforts here to discern the true nature of Plaintiff's claims (i.e., holding oral argument, requiring Defendant Vanderbilt to file an additional submission about the modification process), the merit of defendants' motions must be evaluated by turning to the Complaint, not the representations of Plaintiff during oral argument. Indeed, the Court may only rely on Plaintiff's oral representations to the extent that they explain that alleged in the Complaint. With that in mind, we turn to the defendants' motions.

### III. DISCUSSION

The Court can only identify one general allegation from Plaintiff's Complaint as further explained during oral argument: that Defendant Vanderbilt engaged in some type of fraud by failing to modify Plaintiff's mortgage. *See Beaudett*, 775 F.2d at 1276 (finding that "the district court addressed the only issue that [the] litigation gave it reason to consider"). However, based on Plaintiff's pleadings and statements at oral argument, the Court fails to find a cognizable

cause of action. None of the many cited federal statutes and constitutional amendments identify a claim that establishes a violation of federal or state law. Further, the Complaint fails to set forth a basis to establish subject matter jurisdiction.

A federal court maintains subject matter jurisdiction on either the basis of a federal question or diversity jurisdiction. 28 U.S.C. §§ 1331-1332. Section 1331 of Title 28 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, law or treaties of the United States." However, "[m]ere references to the federal Constitution, laws or treaties... are not sufficient to confer jurisdiction." *McCartney v. State of West Virginia, et al.*, 156 F.2d 739, 741 (4th Cir. 1946). "A suit 'arises under' federal law if federal law creates the cause of action." *Provident Life & Accident Ins. Co. v. Waller*, 906 F.2d 985, 988 (4th Cir. 1990). The absence of a properly pled federal cause of action undermines the Court's jurisdiction, thereby depriving the Court of its "very power to hear the case." *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999).

Under 28 U.S.C. § 1332, a federal court has diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." 28 U.S.C. § 1332(a)-(a)(1). The complete diversity rule of § 1332 requires that the citizenship of each plaintiff be different from the citizenship of each defendant. *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)).

A. Fair Debt Collection Practices Act

The only federal law cited by Plaintiff that could potentially provide a cause of action is the Federal Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* Specifically, § 1692e provides a cause of action to a consumer where a "debt collector . . . use[s] any false,

deceptive, or misleading representation or means in connection with the collection of any debt." However, the Complaint fails to identify any "false, deceptive, or misleading representation" that Defendant Vanderbilt relayed to Plaintiff. Thus, the Complaint fails to properly allege a violation of the FDCPA. *See Tapia v. U.S. Bank, N.A.*, 718 F. Supp.2d 689, 701-02 (E.D. Va. 2010) (dismissing complaint for failing to allege "sufficient facts to suggest that the information included in the [debt collector's] letters was false, deceptive or misleading.").

Moreover, a creditor such as Defendant Vanderbilt, who merely seeks to collect on a debt that it is owed, fails to qualify as a "debt collector" under FDCPA, because the term of "debt collector" under the statute refers to those who collect debts "owed or due *another*." 15 U.S.C. § 1692a(6)(emphasis added); *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 379 n. 2 (4th Cir. 2006); *Blick v. Wells Fargo Bank*, 2012 WL 1030137 at *7 (W.D. Va. Mar. 27, 2012). Therefore, for this reason as well, Plaintiff fails to allege in the Complaint a violation of the FDCPA. Consequently, no federal cause of action has been pled by the Plaintiff, so he cannot invoke the jurisdiction of this Court to hear his case.

B. Fraud Claim

Likewise, Plaintiff fails to properly plead a cause of action under Virginia law. To state a claim for fraud, Plaintiff must allege: (1) a false representation; (2) of a material fact; (3) made intentionally and knowingly; (4) with intent to mislead; (5) reliance; and, (6) damage as a result. *State Farm Mut. Auto. Ins. Co. v. Remley*, 618 S.E.2d 316, 321 (Va. 2005) (citations omitted). Federal Rule of Civil Procedure 9(b) subjects fraud claims to a heightened pleading standard. Specifically, a party alleging fraud must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Such "circumstances" must include "the time, place and contents of the false representation, as well as the identity of the person making the

misrepresentation and what he obtained thereby." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (internal citations omitted). However, Rule 9(b) also explicitly excuses a party from pleading fraudulent intent under the elevated standard. Rule 9 does not give a plaintiff "license to evade the less rigid — though still operative — strictures of Rule 8." *Iqbal*, 556 U.S. at 686-87. Thus, allegations of intent must nevertheless satisfy the basic Rule 8 standards, such that facts alleged allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

The Fourth Circuit recently explained the requirements of pleading knowledge of untrue statements. In *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369 (4th Cir. March 26, 2012), the Court held that a conclusory allegation that a defendant's "statements were 'known by [them] to be false at the time they were made' . . . is entirely insufficient." *Id.* at 378. Specifically, the Fourth Circuit held that such a statement was nothing more than "a mere recitation of the legal standard" of intent. *Id.* The allegations were held to be "precisely the sort of allegations that *Twombly* and *Iqbal* rejected." *Id.*

Nowhere in Plaintiff's complaint does Plaintiff identify any false representation or otherwise meet the pleading requirements set forth above. Therefore, the Court recommends dismissal pursuant to Rule 12(b)(6) for failing to allege a state cause of action.

But even if Plaintiff had properly pled a claim for fraud under Virginia law, he fails to establish the threshold amount in controversy — $75,000 — to sustain diversity jurisdiction. Indeed, Plaintiff has pled no damages and, because the foreclosure already took place, the note at issue has a value of zero — a fact that Plaintiff has not challenged. (Vanderbilt's Submission at 4.) Therefore, Plaintiff has failed to set forth in the Complaint an amount in controversy that

exceeds the $75,000 threshold requirement.[4] Thus, the Court recommends dismissal under Rule 12(b)(1) as well.[5]

## IV. CONCLUSION

The Court has gone to great efforts in this case to ensure that the claims of this *pro se* Plaintiff have been fully developed. However, it is clear that Plaintiff has failed to allege any cognizable claims in his Complaint. Therefore, for the reasons discussed herein, it is the recommendation of this Court that the Defendants' Motion to Dismiss (ECF Nos. 6, 25) be GRANTED and Defendants' Motion to Transfer Venue (ECF No. 24) be DENIED as moot.

Let the Clerk file this Report and Recommendation electronically to all counsel of record and mail a copy to Plaintiff at his address of record. The Clerk shall also forward a copy to the Honorable Robert E. Payne.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted**

---

[4] Plaintiff also failed to establish the threshold amount in controversy during oral argument.

[5] Because the Court recommends dismissal of the Complaint, the Defendants' Motion for Change of Venue is DENIED as moot. The Court notes, however, that none of the events in this case occurred in the Eastern District of Virginia and Plaintiff's sole justification at oral argument for filing the action in this district was his preference for the judges in this district. Such justification does render venue proper in this district. *See* 28 U.S.C §1391(b) (setting forth the requirements to establish venue).

by the District Judge except upon grounds of plain error.

                                                               /s/
                                       David J. Novak
                                       United States Magistrate Judge

Richmond, Virginia
Dated: October 10, 2012